IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0834-05






MICHAEL BRIAN WORD, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


TAYLOR COUNTY





 Johnson, J., filed a concurring and dissenting opinion.


C O N C U R R I N G A N D D I S S E N T I N G O P I N I O N 




 I join the Court's opinion as to the disposition of the issue of the family-violence finding. 
I respectfully dissent as to the Court's ruling on the issue of the jury note. 

 The statute governing communications with the jury while it is deliberating, Article 36.27
of the Code of Criminal Procedure, very specifically delineates what is to happen when a jury sends
a note to the trial court. The only leeway is if the trial court, "us[ing] reasonable diligence to secure
the presence of the defendant and his counsel," is unable to do so; it may then "proceed to answer
the [jury question] as [it] deems proper." The statute specifies that all communications must be in
the record. The request must be in writing. The answer must be in writing. The written answer
must be read in open court, i.e., on the record, unless expressly waived by the defendant. By its plain
language, the answers must be read even if the defendant is absent; if the defendant is absent, he
cannot "expressly waive[]" the reading. 

 The record is silent as to what effort was made to contact applicant or his counsel, whether
contact was made, when appellant became aware of the questions and the answers. Neither does the
record reveal that the jury was actually given the answers, nor does it reveal whether the prosecutor
knew of the questions or was also excluded from the process. In sum, it appears that the dictates of
Article 36.27 were not complied with.

 We frequently recite that we will assume that the proceedings in the trial court were regular,
but we usually so find on a record that at least arguably supports that position, e.g., a claim of
involuntary plea is met by a record that includes a plea form that recites that the plea is voluntary. 
That is not the case here. While Article 36.27 does not require that the proceedings in this
misdemeanor case be recorded by a court reporter, one would expect at least a notation on the docket
sheet. The record does not support a finding that the trial court complied with Article 36.27; it is
merely silent. To require a defendant to object to an action he may not even be aware of is to ask
too much. To require a defendant to refute a silent record in such circumstances is to require him
to prove a negative-a logical impossibility.

 With more information, the critical issue here-reasonable diligence to secure the presence
of the defendant-is more amenable to appropriate resolution. If the trial court did not make the
mandated effort to contact appellant and appellant was therefore not present when (or in this case,
if) the answers were read to the jury, appellant will be denied the relief he is due because he will be
held to have forfeited his claim because he did not object. Of course, if that is the case, he did not
object because he did not know that the jury had asked a question. It's a Catch-22. More
information is available; all that is required is a remand to the trial court so that it may set out what
the record does not reveal. 

 Johnson, J.

Filed: June 14, 2006

Publish